# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STACI L. RUDERSDORF,

                Plaintiff,

v.

FIRST CHOICE LOGISTICS, INC., ACE
AMERICAN INSURANCE COMPANY,
and KURT W. SERAMA, d/b/a KWS
TRANSPORT,

                Defendants.

Case No. 16-CV-336-JPS

**ORDER**

      On January 9, 2017, Plaintiff filed an expedited motion to amend the trial scheduling order in this case in order to permit her to designate an expert and serve the expert's report. (Docket #30). Defendants oppose the motion and have moved to strike the designation. (Docket #33 and #36). For the reasons explained below, the Court will allow Plaintiff's recent expert designation to stand.

      The Court entered a trial scheduling order on October 31, 2016. (Docket #22). The order set the deadlines of moment to the Court, including the dispositive motion deadline, the trial date, and various pretrial deadlines. It did not set a cutoff date for the designation of experts or disclosure of expert reports. In the Court's experience, these and other discovery-related deadlines are best left to the cooperative coordination of counsel.

      According to Defendants, counsel informally agreed to several relevant deadlines. (Docket #34 at 2). Plaintiff's initial disclosures and expert designations pursuant to Federal Rule of Civil Procedure 26(a) would be made by November 15, 2016. *Id.* Defendants' disclosures would be due on January 10, 2017. *Id.* On November 14, 2016, Plaintiff made her initial

disclosures and identified several experts. *Id.* However, she did not identify any expert on the matter of future wage loss. *Id.* Moreover, she suggested in several subsequent responses to discovery requests that she was not seeking future lost wages "at [that] time." *See id.* at 2–3.

Yet during her deposition on December 19, 2016, Plaintiff testified that she sought damages for future loss of earning capacity. *Id.* at 3. Plaintiff's counsel immediately sought to consult with and obtain an expert report from a vocational expert, who would opine on the nature of Plaintiff's injury and the limitations on her future earning capacity. *See id.* Plaintiff disclosed the report of that expert, Ms. Karrie Grady ("Grady"), on January 6, 2017. *Id.*

Both sides agree that Plaintiff's late disclosure of Grady and her report violated her duty to disclose expert testimony under Rule 26(a)(2). *See* Fed. R. Civ. P. 26(a)(2)(D) (providing that parties can stipulate to an expert disclosure deadline). Thus, her expert designation and report cannot be permitted unless Plaintiff satisfies Rule 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. 37(c)(1); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The district court exercises broad discretion in making that determination, but the Court of Appeals has identified the following pertinent factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Plaintiff acknowledges in her motion that her disclosure is late under the parties' own agreed-upon deadlines. (Docket #30 at 2). She justifies the late disclosure because "her new business did not take off as hoped," requiring her to evaluate her ability to do other work in light of her injuries. *Id.* Grady's report addresses matters related to the wage loss attributable to Plaintiff's injuries and her prospects for future employment. *Id.* Further, Plaintiff claims that there is no prejudice against Defendants stemming from her late disclosure since they "have been made aware of [her] medical records and ongoing wage loss" and they can depose Grady if they choose. *Id.* at 2–3. She also highlights the importance of Grady's report since, in her view, "the primary issue for trial" is her damages, including lost future wages. *Id.* at 2.

Defendants contend that the late disclosure of Grady is not justified. (Docket #34 at 5). According to Defendants, Plaintiff should have known by the time she filed her initial disclosures in November 2016 that she would potentially claim lost future wages as an element of damages. *Id.* Thus, she should have taken steps to prepare to present such evidence, including identifying an appropriate expert and timely disclosing the expert's report. *Id.* Defendant claim that they suffered prejudice as a result of the late disclosure, noting that the new claim for future wage loss came only a few days before Defendants had to provide their own expert disclosures. *Id.* at 7–8. Defendants state that because of Grady, they will have to take unanticipated, additional expert discovery which may disturb the Court's trial date. *Id.* at 8. Defendants request that the Court strike Grady as an expert and bar Plaintiff from presenting her future wage loss claim. *Id.* at 9.

The Court, considering the stage of the case, the parties' progress in discovery thus far, and the circumstances presented, finds that Plaintiff's late disclosure of Grady and her report was harmless. First, although Defendants

complain that Plaintiff's claim of future wage loss was unknown to them prior to her December 2016 deposition, Plaintiff's complaint itself identifies future lost wages as an element of her damages. (Docket #1 ¶¶ 21, 35). Thus, Defendants have been on notice of the claim since the onset of the lawsuit.

Second, the late disclosure of Grady, while inconsistent with the parties' agreed deadlines, will not create lasting prejudice nor disrupt the Court's schedule. Grady is available for deposition, and Defendants have not shown that they will be unable to depose her well in advance trial, which is set to occur in May 2017. Because substantial time remains before the trial date, the Court does foresee that disruption to its existing schedule is likely. Moreover, Defendants will, of course, be permitted to designate their own expert on the topic of future lost wages so that the issue can be fairly and fully developed. The timing of that designation will be left to the collaborative efforts of the parties.

Finally, although Plaintiff's failure to earlier disclose Grady could be attributed to a lack of due care, the Court does not find it was the result of bad faith or willfulness. Plaintiff's reliance on the prospects of her small business may have been ill-advised as a matter of trial strategy, but her late disclosure was made soon after she learned that the business would fail, and within the time remaining for discovery. As a result, the Court determines that Plaintiff's violation of the parties' agreed expert disclosure deadline was harmless, and it will not strike the designation of Grady or Plaintiff's claim for future lost wages.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend the trial scheduling order (Docket #30) be and the same is hereby **GRANTED** as stated herein; and

**IT IS ORDERED** that Defendants' motion to strike Plaintiff's expert designation and to bar Plaintiff's claim for future wage loss (Docket #33) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge